IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-502-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MATTHEW VANDERIC SQUIRE | ) | |
| | ) | |
| _____ | ) | |

The defendant has moved for relief under the Second Chance Act of 18 U.S.C. § 3624(c)(1), asking this court to request that the Bureau of Prisons allow him to serve the remaining year of his sentence at a halfway house. The government has responded in opposition to the motion. After carefully reviewing the record in this matter, the court concludes that the defendant's motion should be denied.

The Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court. Moreover, the defendant may not seek relief under the Second Chance Act without first exhausting his administrative remedies. In this case, it does not appear that the defendant has exhausted his administrative remedies. Nonetheless, this court is without authority to request that the Bureau of Prisons alter the location or manner in which he serves his sentence.

For the foregoing reasons, the defendant's motion (ECF No. 1110) is denied.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

September 5, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge